IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

    Plaintiff,                      No. CIV S-07-0942 MCE EFB P

    vs.

V. SINGH, et al.,

    Defendants.          <u>ORDER</u>

                            /

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

Plaintiff seeks damages alleging that he lost good time credits as a disciplinary measure following a proceeding that lacked procedures adequate to protect his rights. The sole remedy in federal court for a prisoner challenging the fact or duration of confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). This rule applies to a state prisoner seeking damages for allegedly unconstitutional revocation of good-time credits if the alleged constitutional violation would, if established, imply the invalidity of the revocation. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Ninth Circuit has carved out a small exception to this rule where the remedy of habeas corpus is unavailable through no fault of the prisoner. *Nonnette v. Small*, 316 F.3d 872, 876-77 (9th Cir. 2002) (plaintiff who was released from prison before he could file a petition for a writ of habeas corpus could seek relief under 42 U.S.C. § 1983 for allegedly wrongful revocation of good-time credits without satisfying the showing required by *Heck*).

Here, plaintiff alleges that he was denied due process in a disciplinary proceeding following which prison officials revoked 90 days of good-time credits. If this court were to find that the procedures were inadequate to protect his interests, the remedy would be an order to restore the credits. Thus, this case falls squarely within *Balisok*. In order to proceed, plaintiff must do one of two things. He may demonstrate that the order revoking his credits has been invalidated by a state court or by a state agency authorized to invalidate the order. Or, he may

demonstrate that through no fault of his own, a state remedy such as habeas corpus is not available to him. Ordinarily, this will be because his release has made that remedy ineffective to redress his injury. *See Nonnette*, 316 F.3d at 875-76.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Thus, the claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint

for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies that he has made reasonable inquiry and has evidentiary support for his allegations, and that he understands that violation of this rule may result in sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an

1 amended complaint he certifies his claims are warranted by existing law, including the law that
2 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
3 his action.
4     Accordingly, the court hereby orders that:
5     1. Plaintiff's request to proceed *in forma pauperis* is granted.
6     2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
7 accordance with the notice to the Director of the California Department of Corrections and
8 Rehabilitation filed concurrently herewith.
9     3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an
10 original and one copy of the amended complaint, which must bear the docket number assigned to
11 this case and be titled "First Amended Complaint." Failure to file an amended complaint will
12 result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files
13 an amended complaint stating a cognizable claim the court will proceed with service of process
14 by the United States Marshal.
15 Dated: April 7, 2008.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE