IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Plaintiff,                        No. CIV S-07-0942 MCE EFB P

      vs.

V. SINGH, et al.,

      Defendants.             FINDINGS AND RECOMMENDATIONS

                              /

      Plaintiff is a prisoner without counsel prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This court previously reviewed plaintiff's initial complaint and dismissed it with leave to amend based on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff has filed an amended complaint, which the court has reviewed pursuant to 28 U.S.C. § 1915A. As discussed below, plaintiff has not cured the deficiencies of his initial complaint; and, therefore, this action must be dismissed.

      The court found that the initial complaint sought relief for alleged due process violations that resulted in prison officials revoking 90 days of time credits as a disciplinary measure. The court explained that in order to recover damages for allegedly unconstitutional conviction or

1

imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed. *Edwards*, 520 U.S. at 648. In the amended complaint, plaintiff alleges that he does not intend to challenge the revocation of his time credits. Am. Compl., at 2. Rather, he wants relief for having been placed in administrative segregation for nearly six months and in the Security Housing Unit ("SHU") for three months. *Id.*, at 3. Documents attached to the amended complaint show that prison officials learned that another prisoner had hit plaintiff with a lock, and they placed him in administrative segregation for security reasons while they investigated the matter. Am. Compl., Ex. A, B. Investigation revealed that this attack was in retaliation for plaintiff having punched the other prisoner in the face during a card game. Am. Compl., Ex. B. Prison officials charged plaintiff with battery on an inmate and, following a disciplinary hearing, plaintiff was found guilty of the charge. Am. Compl., Ex. D. As disciplinary measures, prison officials revoked 90 days of time credits and imposed a term of three months in the SHU. *Id.*

Plaintiff cannot render this action cognizable by disclaiming any intent to challenge the revocation of his time credits. The holding of *Heck* sweeps more broadly than actions seeking damages specifically for the revocation of time credits. The court in *Heck* held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned].

*Heck*, 512 U.S., at 486-87; *see also*, *Edwards*, 520 U.S. at 643 (noting that a challenge to procedures used in arriving at a disciplinary measure that includes the revocation of time credits "could be such as necessarily to imply the invalidity of the judgment," even if the challenge does not clearly seek damages for revocation of time credits). Here, plaintiff seeks damages upon the ground that the procedures utilized at a disciplinary hearing were faulty[1], and he seeks relief for a

---

[1] In particular, he alleges that he was not allowed to call witnesses, his hearing was not fair and impartial and the evidence was not sufficient to find him guilty. Am. Compl., at 9-14.

wrong other than the revocation of his time credits.  However, under *Heck* the complaint must still be dismissed.  The wrong for which he seeks redress resulted from the same alleged errors that he claims resulted in the loss of time credits.  Thus, the claims are inextricably intertwined.  The procedural defects of which he complains "would, if established, necessarily imply the invalidity of the deprivation of his" time credits.  *Edwards*, 520 U.S. at 646.  Accordingly, this action is not cognizable under 42 U.S.C. § 1983 unless and until plaintiff demonstrates that the order he challenges has been invalidated.  This he has not done.  In fact, the appeals attached to his complaint show that at least within the prison appeals system, his challenges to the order have been rejected.  Therefore, this action must be dismissed.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to comply with the requirements of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 28, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE